T.C. Summary Opinion 2009-106


UNITED STATES TAX COURT


DANNY M. KNIGHT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1370-08S.                    Filed July 13, 2009.


<u>Lawrence D. Rouse</u>, for petitioner.

<u>Wesley J. Wong</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $10,465 deficiency in petitioner's 2004 Federal income tax. The issue for decision is whether petitioner is entitled to his claimed deduction for unreimbursed employee expenses.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Nevada.

Petitioner is a retired inside journeyman wireman (electrician), drawing a pension from his local union in Topeka, Kansas (Topeka). He is allowed to work only 39 hours per month in Kansas; otherwise, the local union will deduct a certain amount from his pension. But petitioner can work for any other non-Kansas union as much as he wants. Therefore, he travels for work to places such as Fairbanks, Alaska (Fairbanks), Las Vegas, Nevada (Las Vegas), and Bakersfield, Castorville, and San Francisco, California.

During 2004 petitioner signed the out-of-work list (book) at his local union in Topeka. As a "Book One Member", he could sign the book in person or by certified or registered mail. As a "traveler", however, he could sign only a nonlocal union's "book

two" because he was a nonresident. He was required to sign a nonlocal union's book in person and had to be present at the nonlocal union in order to "catch a call" (i.e., accept an assignment). Once petitioner accepted an assignment, he was not given any guaranty by the contractor as to how long or whether the work would last.

During 2004 petitioner resided for 4 to 6 months in a fifth-wheel travel trailer that was kept at an "RV park" in Las Vegas. And later in 2004 he moved into his then girlfriend's house at "609 Greenhurst" in Las Vegas. Petitioner also owned a few properties in Topeka in 2004. Before petitioner's 2003 divorce, he resided with his then wife and two daughters on "25th Street". Thereafter, he resided with his daughter and three grandchildren on "21st Street". He also owned a piece of his grandfather's property that he had "a structure on".

Petitioner kept certain vehicles at his Topeka and Las Vegas residences. For example, he kept two motorcycles in Topeka for his personal use. He kept a Jeep and a Ford F-250 pickup in Las Vegas that were used for driving to and from "the union hall, or the house, and transporting tools, safety clothing, and whatever" during 2004. But occasionally he drove the Jeep or the Ford F-250 pickup for personal purposes in Las Vegas during 2004 if he "went to dinner or something on the weekend."

Petitioner was not reimbursed by his various employers or the unions for the expenditures he made in 2004. Instead, he claimed $41,723 in unreimbursed employee expenses on his 2004 Schedule A, Itemized Deductions (before application of the section 67(a) 2-percent floor). Petitioner's unreimbursed employee expenses consist of:

| Description | Amount |
| --- | --- |
| Vehicle expenses | $15,900 |
| Parking fees, tolls, and transportation | 43 |
| Travel expenses | 11,375 |
| Unspecified business expenses | 2,879 |
| Meals and entertainment | [1]15,641 |
| Safety clothing | 1,559 |
| "Workingdues" (union dues) | 970 |
| "ToolDEP" (tool repairs) | 1,176 |

[1]Before application of the 50-percent ceiling of sec. 274(n).

Petitioner's vehicle expense is based on 42,400 business miles at the standard mileage rate of 37.5 cents.

Petitioner's travel expenses consist of $9,757 for rent, $806 for laundry,[1] $746 for "MISC",[2] and $66 for heat. Petitioner's rent consists of charges incurred at the RV Park where he kept his fifth-wheel travel trailer and expenditures he made to maintain his then girlfriend's house.

---

[1]Petitioner reported expenditures for laundry of $15 per week, except he reported an additional expenditure for laundry of $26 on or about Jan. 20, 2004.

[2]The Court notes that the record indicates that petitioner's "MISC" expenses include expenditures for personal items, such as a birthday card, a $300 gun, and a Sam's Club renewal.

Petitioner's unspecified business expenses consist of: (1) $120 for licenses; (2) $130 for "OFFICE"; (3) $241 for postage; and (4) $2,385 for "PHONE".[3]

Petitioner's meals and entertainment expenses consist of: (1) $13,744 for meals; (2) $206 for water; and (3) $1,691 for entertainment.

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the taxpayer introduces credible evidence with respect to the issue and the taxpayer has satisfied certain conditions. Sec. 7491(a)(1). Petitioner has not alleged that section 7491(a) applies, and he has neither complied with the substantiation requirements nor maintained all required records. See sec. 7491(a)(2)(A) and (B). Accordingly, the burden of proof remains on him.

---

[3]Although petitioner claimed a $2,879 deduction for unspecified business expenses, the correct total is $2,876.

II.  Parties' Arguments

Petitioner argues that his expenditures in Alaska, California, and Las Vegas for "travel away from home" are deductible as unreimbursed employee expenses because his tax home is Topeka, where he maintains a home with his daughter and "grandkids", two motorcycles, his driver's license, and his voter registration.  Alternatively, he argues that his expenditures are deductible as job search expenses.

Respondent argues that the expenditures are not deductible as travel away from home expenses because either petitioner is an itinerant or his tax home is Las Vegas.  Alternatively, he argues that the expenditures are not deductible for lack of substantiation and that the expenditures during July to December 2004 are not deductible as job search expenses because petitioner "worked primarily for" a certain contractor.

The Court, however, need not decide whether petitioner had a tax home (or its location) for purposes of his "travel away from home" expenditures or whether the expenditures constitute job search expenses.  Petitioner's expenses are not deductible under section 162(a) on either theory because he has not complied with the substantiation requirements of section 274(d) or 6001 and the regulations thereunder (discussed infra) except as otherwise noted.

III.  Unreimbursed Employee Expenses

Section 162(a) authorizes a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  But as a general rule, deductions are allowed only to the extent that they are substantiated.  Secs. 274(d) (no deductions are allowed for gifts, listed property,[4] or traveling, entertainment, amusement, or recreation unless substantiated), 6001 (taxpayers must keep records sufficient to establish the amount of the items required to be shown on their Federal income tax returns).  If the taxpayer establishes that he has incurred a deductible expense yet is unable to substantiate the exact amount, the Court may estimate a deductible amount in some circumstances.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  But the Court cannot estimate a taxpayer's expenses with respect to the items enumerated in section 274(d).  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Rodriquez v. Commissioner, T.C. Memo. 2009-22 (the strict substantiation requirements of section 274(d) preclude the Court and taxpayers from approximating expenses).

Specifically, section 274(d) and the regulations thereunder require taxpayers to substantiate their deductions by adequate

---

[4]The term "listed property" is defined to include passenger automobiles and cell phones.  Sec. 280F(d)(4)(A)(i), (v).

records or sufficient evidence to corroborate the taxpayers' own testimony as to: (1) The amount of the expenditure or use; (2) the time of the expenditure or use; (3) the place of the expenditure or use; (3) the business purpose of the expenditure or use; and (4) the business relationship to the taxpayer of the persons entertained or receiving the gift. See also sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

As to the "Rules of substantiation", the temporary regulation provides that taxpayers must maintain and produce such substantiation as will constitute proof of each expenditure or use. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Written evidence has considerably more probative value than oral evidence. Id. To satisfy the "adequate records" requirement of section 274(d), the taxpayer shall maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record and documentary evidence that in combination are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

To substantiate petitioner's deductions for unreimbursed employee expenses or job search expenses, he has provided his logbook, certain receipts, his testimony, and a letter from his union that explained the application process and stated: "no

reimbursement is made by the Local Union to an applicant for travel, lodging, tools, or any other expenses that might be incurred while trying to obtain a job".

    A.   <u>Petitioner's Deduction for Vehicle Expenses</u>

       1.   <u>Deduction Based on the Standard Mileage Rate</u>

Petitioner admitted that his mileage was a "guesstimation" or an "approximation of the mileage [he] drove that day or for the trip." He would "get like a Mapquest or something of that nature, * * * or a road map" to determine his mileage or if he looked at the odometer and it had "500 miles in a full week [he] divided it by seven." He also admitted that: (1) His estimates were not accurate because he recorded 75 miles traveled per day round trip from Summerlin to various work sites, but the mileage from Summerlin to the community college was only about 10 to 15 miles round trip and the mileage from Summerlin to Caesar's Palace was about 25 or 26 miles round trip; (2) his business mileage included personal miles "if [he] went to dinner or something on the weekend"; (3) he recorded 75 miles per day as business miles even for days when he was not working such as the weekends; (4) he recorded 75 miles per day as business miles accrued in Las Vegas, but he was actually in Topeka on "a non-business trip"; (5) he claimed deductions for mileage from Las Vegas to Fairbanks and back, even though it was not his vehicle that was driven to Fairbanks; and (6) he inaccurately reported

his mileage on his Form 2106, Employee Business Expenses; e.g., he reported 42,400 business miles as "Total miles" driven in 2004 and did not include mileage for "Commuting miles", "Other miles", or personal use miles.

The Court therefore finds that petitioner has not sufficiently substantiated either the business use of his vehicles or the business purpose of his expenditures or uses. See sec. 274(d); sec. 1.274-5T(b)(6), (c)(1) through (2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985); see also Rodriguez v. Commissioner, supra. Petitioner is not entitled to a deduction for vehicle expenses based on the standard mileage rate, and respondent's determination is sustained.

### 2. Deduction Based on Actual Transportation Expenses

Although petitioner did not claim a deduction for actual costs of his transportation expenses, he has submitted various receipts and statements purporting to substantiate the actual costs of his transportation expenses. See Rev. Proc. 2003-76, sec. 5.02, 2003-2 C.B. 924, 926 (taxpayers generally may deduct an amount based on the standard mileage rate or actual costs).

The Court has concluded that petitioner's evidence is not sufficient to substantiate either his business use of his vehicles or the business purpose of his claimed deduction based on the standard mileage rate. It also is insufficient to

substantiate his business use or business purpose for a deduction based on the actual costs of his transportation expenses. Petitioner therefore is not entitled to a deduction based on the actual costs of his transportation expenses. See sec. 274(d); sec. 1.274-5T(b)(6), (c)(1) through (2)(i), Temporary Income Tax Regs., supra; see also Sanford v. Commissioner, 50 T.C. at 827; Rodriguez v. Commissioner, T.C. Memo. 2009-22.

### 3. Petitioner's Deduction for Toll Expenses

Expenditures for tolls may generally be deducted as a separate item. See Rev. Proc. 2003-76, sec. 5.04, 2003-2 C.B. at 926. Petitioner has not provided any receipts to substantiate his expenditures for tolls. Petitioner therefore is not entitled to the deduction. See sec. 6001. Respondent's determination is sustained.[5]

### B. Petitioner's Deduction for Travel Expenses

### 1. Travel Expenses Based on Per Diem Rates

In a letter to respondent, petitioner asserted that his 2004 travel expenses were based on per diem rates for travel inside and outside the continental United States. He listed his travel expenses as follows: (1) Las Vegas $122 per day; (2) "California

---

[5]Although petitioner submitted a ticket stub from a convention center in Las Vegas for parking, the ticket stub does not set forth the amount that he expended. The Court therefore cannot provide an allowance for parking. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985) (an estimate must have a reasonable evidentiary basis).

Average" $150 per day; (3) "[Fairbanks] Average" $232 per day; and (4) "Canada Average" $247 per day. The evidence indicates, however, that petitioner's assertion is incorrect. Indeed, the $11,375 petitioner claimed is derived from the sum of his "actual costs" for rent, laundry, "MISC", and heat as reported in his logbook.[6]

Rev. Proc. 2003-80, sec. 1, 2003-2 C.B. 1037, 1037, states that its purpose is to provide:

> rules under which the amount of * * * [an employee's business expenses] for lodging, meal, and incidental expenses * * * incurred while traveling away from home will be deemed substantiated under § 1.274-5 of the Income Tax Regulations when a <u>payor (the employer, its agent, or a third party)</u> provides a <u>per diem</u> allowance under a reimbursement or other expense allowance arrangement to pay for the expenses. * * * [Emphasis added.]

While Rev. Proc. 2003-80, sec. 1, authorizes the per diem method to substantiate those traveling expenses, the per diem method is available only to employees whose employers pay a per diem allowance in lieu of reimbursing the actual expenses an employee pays while traveling away from home. Moreover, IRS Publication 463, Travel, Entertainment, Gift, and Car Expenses, explains that in the case of an employee "There is no optional

_____

[6]The Court also notes that petitioner's expenses for rent varied as much as $2.12 on Jan. 26, 2004, $198.90 on Feb. 14, 2004, $6.41 on Mar. 2, 2004, $306.31 on July 29, 2004, $930.67 on Aug. 21, 2004, to zero on several days throughout 2004.

standard lodging amount similar to the standard meal allowance. Your allowable lodging expense deduction is your actual cost."

Petitioner's claimed travel expenses do not come within Rev. Proc. 2003-80, sec. 4.01, 2003-2 C.B. at 1039, because he was an employee who did not receive a per diem allowance from his employer. Therefore, he is not entitled to his deduction for travel expenses based on per diem rates.

### 2. Travel Expenses Based on Actual Costs

Petitioner provided no receipts to substantiate his payment of certain expenses; e.g., laundry, heat, or the $100 for "RV Rent" reported on January 28, March 30, and May 24, 2004. He also reported in his logbook and claimed on his Form 1040, U.S. Individual Income Tax Return, that he had paid certain travel expenses in Las Vegas, but he conceded at trial that he was actually in Topeka; e.g., he reported rent of $49.39 on December 4, 2004, and rent of $29.78 and laundry expense of $15 on December 5, 2004. Like petitioner's vehicle expenses, the actual costs of his travel expenses are not sufficiently substantiated. See sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46015 (Nov. 6, 1985). Accordingly, petitioner is not entitled to a deduction for travel expenses based on actual costs.

C.  <u>Petitioner's Deduction for Unspecified Business Expenses</u>

1.  <u>$120 Deduction for Licenses</u>

Petitioner testified that his deduction for licenses related to a Washington State electrician's license for which he had reciprocity with Alaska.  But he did not submit a copy of his license.  In addition, as reported in petitioner's logbook and deducted on his Form 1040, his expenditures for licenses actually include amounts paid for "Auto" licenses (e.g., "tags") of:

| Amount | Date Paid in 2004 |
|--------|-------------------|
| $28.50 | Jan. 19 |
| 43.50 | June 24 |
| 19.50 | July 24 |
| 28.25 | Sept. 3 |

Petitioner has provided no receipts or canceled checks substantiating his payment of those amounts.  See sec. 6001.  In addition, the amounts were paid in relation to listed property and therefore are subject to the strict substantiation requirements of section 274(d) and the regulations thereunder.  As discussed <u>supra</u>, he has not sufficiently substantiated his vehicle expenses in accordance with those provisions.  Also, the amounts paid on July 24 and September 3, 2004, bear the notation "MC", which the Court infers to mean in relation to motorcycle tags.  He testified that his motorcycles were used only in Topeka for personal purposes.  Consequently, those personal expenditures are also not deductible under section 262(a).  In sum, petitioner is not entitled to a $120 deduction for licenses.

## 2. $130 Deduction for "OFFICE"

As reported in petitioner's logbook and deducted on his Form 1040, his expenditures for "OFFICE" include:

| Amount | Date Paid in 2004 |
| --- | --- |
| $5.49 | May 3 |
| 7.40 | May 6 |
| 93.21 | July 13 |
| 15.58 | Dec. 26 |
| 7.77 | Dec. 30 |

Petitioner submitted copies of an Office Depot receipt dated December 26, 2004, substantiating a $15.49 purchase of office items. He also submitted copies of OfficeMax and Kinko's receipts that are illegible because of the poor copy quality. He has not proven that he paid the remaining $114.51 for office items. See sec. 6001. Accordingly, the Court finds that petitioner is entitled to a deduction of $15.49 for office items. See Cohan v. Commissioner, 39 F.2d at 544 (in estimating a taxpayer's deductions, the Court bears heavily against the taxpayer whose inexactitude is of his or her own making).

## 3. $241 Deduction for "Postage"

As reported in petitioner's logbook and deducted on his Form 1040, his expenditures for postage include:

| Amount | Date Paid in 2004 |
| --- | --- |
| $10.00 | Feb. 5, June 29 |
| [1]14.68 | Feb. 12 |
| 3.00 | Feb. 25, Mar. 24, Mar. 29 |
| 2.25 | Mar. 3 |
| 11.50 | Mar. 30 |

| 14.80  | Apr. 21             |
|--------|---------------------|
| 9.25   | May 3               |
| 5.00   | May 8               |
| 8.00   | May 10, Sept. 6,    |
|        | Nov. 15             |
| 7.40   | July 20             |
| 1.20   | July 17             |
| 100.00 | Sept. 22            |
| 11.00  | Oct. 25, Nov. 2     |

[1]Petitioner submitted a UPS shipping receipt for $14.48 on Feb. 12, 2004, addressed to a Jamie Knight at his former residence on "21st Street".

Although deductions for the following were not claimed on petitioner's Form 1040, he has submitted a post office receipt for a "mailer" and postage of $7.28 paid on February 3, 2004, a receipt for "postage book" of $7.40 paid on December 30, 2004, a receipt for postage stamps of $7.40 paid on June 22, 2004, and a receipt for postage stamps (amount illegible) paid on April 22, 2004. He has not submitted any other receipts to substantiate his expenditures for postage.

Petitioner has not proven that he paid the postage expenses set forth in the table except as noted supra. And he offered no testimony explaining how his postage expenses related to either his trade as an electrician or to job search expenses. The record supports an inference that his expenditures for postage were personal expenses and as such are not deductible. See sec. 262(a). Indeed, he testified that he could sign his local union's books (in Topeka) either in person or by sending something in by certified or registered mail, but there is no

evidence that he used the mail option, other than his uncorroborated self-serving statements. See <u>Urban Redev. Corp. v. Commissioner</u>, 294 F.2d 328, 332 (4th Cir. 1961), affg. 34 T.C. 845 (1960); <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986). Petitioner testified that as a "traveler", he had to sign nonlocal unions' books in person every Wednesday to keep his name active and that "you have to be present for * * * [daily calls at a nonlocal union] in order to take the" job.

Because petitioner has failed to prove that his postage expenditures were either paid or related to his trade as an electrician or to job search expenses, he is not entitled to the deduction. See secs. 162(a), 262(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992) (stating that deductions are strictly a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any claimed deduction). Respondent's determination is sustained.

### 4. $2,385 Deduction for "PHONE"

As reported in petitioner's logbook and deducted on his Form 1040, his expenditures for "PHONE" include:

| Amount | Date Paid in 2004 |
| --- | --- |
| $128.41 | Jan. 8, Feb. 5 |
| 97.50 | Feb. 7 |
| 120.32 | Mar. 9 |
| 199.53 | Mar. 29 |
| 88.77 | Apr. 20 |
| 88.26 | May 20, June 16, Dec. 25 |
| 90.71 | July 17 |

| | |
|---|---|
| 88.36 | Aug. 16 |
| 450.00 | Aug. 21 |
| [1]42.98 | Aug. 26 |
| 89.29 | Sept. 15 |
| 430.93 | Sept. 16 |
| 89.43 | Oct. 21 |
| [2]89.80 | Nov. 17 |

[1]Petitioner provided a T-Mobile receipt of $42.98 for the purchase of a "VPC with HS" and an "EARBUD" on Aug. 26, 2004.
[2]Although petitioner claimed a deduction of $2,385, the correct total is $2,399.22.

Petitioner provided no canceled checks or statements of "Monthly Charges" to substantiate his payment of his phone expenses in 2004 except as noted supra.  He, however, provided a statement of monthly charges dated December 26, 2003, bearing the name of his then girlfriend.  He testified that they added another cell phone to her account, and he paid the bill.

Petitioner's deduction for "PHONE" relates to listed property that must be strictly substantiated in accordance with section 274(d) and the regulations thereunder.  See secs. 274(d), 280F(d)(4)(A)(v); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., supra.  Petitioner has provided no evidence establishing the amount of his expenditures, the amount of his business and total use, the date of the expenditure or use, or the business purpose of his use.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., supra.  To the extent that his deduction for phone expenses consisted of charges relating to his then girlfriend's cell phone use, the deduction is not allowable.  See secs. 162(a), 262(a), 274(d); Trujillo v. Commissioner, T.C. Memo.

1992-481 (gifts to certain persons are nondeductible personal expenses).  Respondent's determination is sustained.

   D.  Petitioner's Deduction for Meals and Entertainment Expenses

Deductions for meals and entertainment expenses are generally subject to the strict substantiation rules of section 274(d) and the regulations thereunder.  But Rev. Proc. 2003-80, sec. 4.03, 2003-2 C.B. at 1040, provides that employees who pay meals expenses may use an amount computed at the Federal meals and incidental[7] expenses (M&IE) rate for the locality of travel for each calendar day that the employee is away from home in lieu of using actual expenses to compute an allowable amount as a deduction.  Rev. Proc. 2003-80, sec. 4.03, also explains that the "amount will be deemed substantiated for purposes of paragraphs (b)(2) and (c) of § 1.274-5, provided the employee * * * substantiates the elements of time, place, and business purpose of the travel for that day".  [Emphasis added].

Petitioner's deduction for meals expenses consisted of amounts he expended for groceries and so-called per diem rates.

---

[7]The term "incidental expenses" means fees and tips given to certain persons, certain transportation expenses between places of lodging or business and places where meals are taken, if suitable meals cannot be obtained at the temporary duty site, and mailing costs for filing travel vouchers and payment of employer-sponsored charge cards.  See generally IRS Publication 463, Travel, Entertainment, Gift, and Car Expenses.

As reported in petitioner's logbook, his "per diem rates" ranged anywhere from $15 to $30, $25, $45, $55, $60, $69.82,[8] and $115.

As reflected in petitioner's logbook and deducted on his Form 1040, his entertainment expenses were based on his actual costs. As reported in his logbook, some of his entertainment expenses consist of amounts for "movies" of $75 on October 16, 2004. In addition, he submitted a Sam's Club receipt for the purchase of a DVD for $19.63 on August 26, 2004. He also submitted a receipt of $11.83 for books purchased at "Barnes & Noble" with titles such as "Bath Floorpl", "Guide to Freshw", "Gardens: Every", "Book of Knots", and "Flour, Eggs" (as shown on the receipt), for which he reported the expenditure as entertainment in his logbook and deducted on his Form 1040.

Because petitioner's deduction for meals expenses were not based on the Federal M&IE rates of the various localities, he does not come within the provisions of Rev. Proc. 2003-80, sec. 4.03. In addition, he also has not satisfied the requirement of substantiating the business purpose of his travel since he claimed deductions for meals expenses on December 4 and 5, 2004-- dates for which he admitted that he was in Topeka for personal reasons and not in Las Vegas for business reasons. See id.

---

[8]This "pier diem rate", as reflected in petitioner's logbook on Apr. 17, 2004, was his actual cost of $69.82 for a buffet at Riviera Hotel & Casino on Apr. 17, 2004, according to the sales draft.

Similarly, because he has not substantiated the business purpose of his travel to allow a deduction for meals expenses based on Federal M&IE rates, he also has not substantiated the business purpose of his travel to allow a deduction for meals expenses based on actual costs. See sec. 1.274-5T(b)(2), (4), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46015 (Nov. 6, 1985). Moreover, it would strain credulity to believe that petitioner paid the following meals expenses in his trade as an electrician or as job search expenses: (1) White Zinfandel and "Ridley" Sauvignon Blanc; (2) "Smirnoff" beer; (3) "Miller" beer; (4) "BEER"; (5) "COCKTAILS" and "Captain Morgans"; (6) "Monistat", "Kotex Tampons", and "Midol"; (7) razors, deodorant, toothpaste, "Chapstick", shampoo, "Robitussin", broom, "Downy", "ERA", magazines, or candles; (8) "Brandy" and "Cuervo" mix; and (9) "Malibu Rum" and "Jose Cuervo". He also admitted that $206 of his meals expenses related to charges for "Sierra Spring" water that was billed to his then girlfriend and delivered to her residence.

Petitioner also has not substantiated his deduction for entertainment expenses as required by section 274(d) and the regulations thereunder. Specifically, he has not substantiated certain amounts of his expenditures, e.g., with a receipt, the place of the expenditures such as the name, address, or location; and the business purpose of the entertainment; i.e., the business

reason for the entertainment, the nature of the business benefit derived or expected to be derived as a result of the entertainment, or the nature of any business discussion or activity. See sec. 1.274-5T(b)(3) and (4), Temporary Income Tax Regs., 50 Fed. Reg. 46015, 46016 (Nov. 6, 1985). Indeed, the evidence supports an inference that his expenditures for entertainment related to personal expenses and were not paid in his trade as an electrician or as job search expenses; e.g., the "Barnes & Noble" purchase for books and Sam's Club purchase for the DVD.

In sum, the Court holds that petitioner is not entitled to his deduction for meals and entertainment expenses. Respondent's determination is sustained.

E. Petitioner's Deduction for Safety Clothing

Petitioner testified that his deduction for safety clothing consisted of amounts expended for fire-retardant work clothing and steel-toed boots. Petitioner submitted the following receipts to substantiate his expenditures: (1) "Work World" of $48.24; (2) "Workboot Warehouse" of $106.96; (3) "American Worker" of $103.40; and (4) "Las Vegas Country Store" of $107.46.

Clothing is a deductible expense only if it is required for the taxpayer's employment, is unsuitable for general or personal wear, and is not so worn. See Hynes v. Commissioner, 74 T.C.

1266, 1290 (1980); <u>Yeomans v. Commissioner</u>, 30 T.C. 757, 767 (1958).

The Court accepts petitioner's testimony that his fire-retardant work clothing and steel-toed boots were not suitable for general or personal wear. But the Las Vegas Country Store receipt indicates that the amount was expended for three shirts and a pair of jeans. This expenditure was for clothing that is suitable for general and personal wear, and petitioner has not proven otherwise. Therefore, the Court finds that petitioner is entitled to a deduction of $258.64 for safety clothing.

F. <u>Petitioner's Deduction for Union Dues</u>

Petitioner testified that he paid his local union dues yearly at his local union office. He also testified that he paid union dues based either on a percentage or a set figure to the nonlocal unions when he worked as a traveler.

Petitioner provided receipts or statements to substantiate his payment of local union dues of $741.09 and nonlocal union dues for "YEAR-TO-Date" of $531.51.

According to the receipt, petitioner paid $294.60 of local union dues on "12/05/2003". Therefore, he is not entitled to deduct that amount in 2004. See sec. 461(a); sec. 1.461-1(a)(1) and (2), Income Tax Regs. In short, the Court finds that petitioner is entitled to a deduction of $978 ($741.09 + $531.51

- $294.60) for union dues.  See sec. 162(a); secs. 1.162-15(c), 1.162-20(c)(3), Income Tax Regs.

G.   Petitioner's Deduction for Tool Repairs

Petitioner submitted a receipt from "TOOL SERVICE" of $117.94 for the repair of a saw that he uses in his trade.  He also submitted a "Sears" receipt of $32.24 for an extractor. Petitioner has not otherwise substantiated his expenditures for tools or repairs.[9]  The Court therefore finds that petitioner is entitled to a deduction of $150.18.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[9]The Court notes again that several receipts are illegible because of poor copy quality.